UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MICHAEL GARRAWAY,

        Plaintiff,

v.                                          Case No. 5:21-cv-451-BJD-PRL

MICHAEL BERMAN and APRIL
LOPES,

        Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Michael Garraway, an inmate of the Federal Bureau of Prisons (BOP), is proceeding in this action on a complaint for the violation of civil rights under Bivens[1] (Doc. 1; Compl.). Plaintiff names two Defendants: Michael Berman, Assistant Health Services Administrator; and April Lopes, Medical Records Officer. Compl. at 2. Plaintiff alleges Defendants improperly withheld the results of two COVID-19 "antigen" nasal swab tests, violating his Fifth Amendment right to due process. Id. at 4. Plaintiff explains he received the results of the COVID-19 "PCR" tests, which were negative, but he says Defendants intentionally withheld the results of the antigen tests or "failed to thoroughly search [his] medical records." Id. at 4-5. As relief, Plaintiff seeks an

---

[1] Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

order directing Defendants to provide him unredacted and unaltered copies of his antigen test results; fining Defendants $10,000 for each day he is without his test results; and directing Defendants to reimburse him for his legal fees and costs. Id. at 5.

The Prison Litigation Reform Act (PLRA) requires a district court to screen complaints filed by prisoners and to dismiss a complaint if it is "frivolous, malicious, or fails to state a claim on which relief may be granted." See 28 U.S.C. § 1915A(a), (b)(1).[2] With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked

---

[2] Plaintiff is not proceeding as a pauper; he paid the filing fee. He has not yet served Defendants, though he has requested more time to serve them, and he has moved the Court to direct the United States Marshals Office to serve Defendants on his behalf. See Docs. 3, 5, 9, 12, 16.

assertions" will not suffice. Id. (quoting Twombly, 550 U.S. at 555). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quoting In re Plywood Antitrust Litig., 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding pro se, but need not accept as true legal conclusions. Iqbal, 556 U.S. at 678.

Plaintiff's complaint is subject to dismissal under the PLRA because he fails to "state a claim to relief that is plausible on its face." See id. As a federal prisoner suing federal prison officials, Plaintiff's claim arises under Bivens, not under 42 U.S.C. § 1983. This distinction is important because claims arising under Bivens are not coextensive with those arising under § 1983. In Bivens, the Supreme Court recognized an implied right of action for damages against a federal agent who, acting under "color of his authority," violated the plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures. 403 U.S. at 389, 397. Thereafter, the Supreme Court extended Bivens remedies in only two other contexts: gender discrimination in the workplace under the Fifth Amendment; and deliberate indifference to serious medical needs in prison under the Eighth Amendment. See Ziglar v. Abbasi, 137 S. Ct.

1843, 1854-55 (2017) (citing Davis v. Passman, 442 U.S. 228 (1979); Carlson v. Green, 446 U.S. 14, 21 (1980)).

Since deciding the Bivens trilogy (Bivens, Davis, and Carlson), the Court has "changed course," declining to infer a cause of action that is "not explicit in the text of the provision that was allegedly violated." Hernandez v. Mesa, 140 S. Ct. 735, 741 (2020) (quoting Ziglar, 137 S. Ct. at 1855). Indeed, in acknowledgment that it may have infringed upon legislative territory in the past, the Court recently reiterated and emphasized that "expanding the Bivens remedy is . . . a 'disfavored' judicial activity," and even went so far as to question whether Bivens, Davis, and Carlson would have been decided differently if heard by the Court more recently. Ziglar, 137 S. Ct. at 1856-57 (quoting in part Iqbal, 556 U.S. at 675). See also Hernandez, 140 S. Ct. at 741 (explaining that, when courts, through their "Judicial Power" create new claims for damages, they risk "arrogating legislative power").

Thus, district courts are to exercise "caution before extending Bivens remedies." Ziglar, 137 S. Ct. at 1857. In exercising that caution, when confronted with a Bivens claim, courts should engage in a two-step inquiry. First, a court should determine "whether [the] case presents a new Bivens context," or one that "diff[ers] in a meaningful way from previous Bivens cases decided by th[e] Court." Id. at 1859. See also Hernandez, 140 S. Ct. at 743. Second, if a court determines a case does present a new context, then the court

4

should consider whether "special factors" counsel hesitation in extending a damages remedy. Ziglar, 137 S. Ct. at 1857, 1861-62. The Supreme Court has not articulated "an exhaustive list of differences that [would be] meaningful enough to make a given context a new one," but, in Ziglar, it set forth some relevant factors:

> the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous Bivens cases did not consider.

Id. at 1859-60. Though the Court in Ziglar identified the "constitutional right at issue" as a relevant consideration, the Court later clarified that the constitutional right at issue cannot alone be the determinative consideration. Hernandez, 140 S. Ct. at 743.

Plaintiff's case is meaningfully different than those in which the Court has extended a Bivens remedy, and the Court finds Plaintiff's access to the prison grievance procedure provides him a sufficient alternative remedy, which counsels hesitation in extending a remedy to Plaintiff here. See, e.g., Berry v. Bureau of Prisons, No. 5:20-cv-424-KKM-PRL, 2021 U.S. Dist. LEXIS 176516, at *8 (M.D. Fla. July 27, 2021) (finding the plaintiff's Fifth

Amendment due process claim presented a new context, and the plaintiff's access to the BOP's grievance procedure was an "alternative remedy that counsel[ed] hesitation").

However, even if the Court were to find Plaintiff's case does not present a new Bivens context, Plaintiff fails to state a plausible due process violation. The Supreme Court has explained, "In the limited settings where Bivens does apply, the implied cause of action is the 'federal analog to suits brought against state officials'" under § 1983. Iqbal, 556 U.S. at 675-76 (quoting Hartman v. Moore, 547 U.S. 250, 254 n.2 (2006)). Under § 1983, a plaintiff alleging a procedural due process violation in contravention of the Fourteenth Amendment must show he had a "protected liberty interest."[3] See Anthony v. Warden, 823 F. App'x 703, 707 (11th Cir. 2020). The Eleventh Circuit has recognized that a prisoner can be deprived of his liberty in violation of due process in two ways:

> The first is when a change in a prisoner's confinement is so severe that it essentially exceeds the sentence imposed by the court. The second is when the state has consistently given a certain benefit to prisoners (for instance, via statute or administrative policy), and the deprivation of that benefit "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." In the first situation, the liberty interest exists apart from the state; in the

---

[3] It appears Plaintiff is proceeding under the "life, liberty, or property" provision of the Fifth Amendment. See U.S. Const. amend. V.

6

> second situation, the liberty interest is created by the state.

Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999) (internal quotations and parentheticals omitted).

Accepting as true that Defendants lost, could not locate, or failed to disclose to Plaintiff the results of COVID-19 antigen tests—so Plaintiff would know whether he had "antibodies" for COVID-19—Plaintiff alleges no facts suggesting he has been deprived of due process. For instance, he does not allege he has been exposed to a change in his confinement "so severe that it essentially exceeds the sentence imposed by the court," nor does he allege he has been deprived of a benefit consistently given to prisoners and that such deprivation has "impose[d] atypical and significant hardship on [him]." See Bass, 170 F.3d at 1318. In fact, the records Plaintiff offers in support of his complaint show he has been deprived of nothing. On February 16, 2021, Defendant Lopes informed Plaintiff that his COVID-19 test results were "never positive," and, on June 21, 2021, told him, "No records exist that you are requesting." See Compl. at 36, 39. Additionally, Plaintiff was provided copies of his medical records, including copies of his negative COVID-19 test results. Id. at 26-27, 40, 45.

For the reasons stated, Plaintiff fails to state a plausible claim for relief, and this action is due to be dismissed.

Accordingly, it is

**ORDERED**:

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** is directed to enter judgment, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of April 2022.

                                    BRIAN J. DAVIS
                                    United States District Judge

Jax-6
c:    Michael Garraway